UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| HIBBETT SPORTING GOODS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 18-524-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| ML GEORGETOWN PARIS, LLC, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff Hibbett Sporting Goods, Inc. ("Hibbett") and Defendant ML Georgetown Paris, LLC ("ML Georgetown") have filed cross-motions for summary judgment regarding the plaintiff's claims for declaratory judgment, anticipatory breach, and attorney's fees. [Record Nos. 34, 36] The claim for a declaratory judgment is moot and the plaintiff cannot show an anticipatory breach of the lease. Additionally, the plaintiff is not entitled to attorney's fees because it is not the prevailing party in this action. Accordingly, ML Georgetown's motion for summary judgment will be granted and Hibbett's competing motion will be denied.

I.

Hibbett and Georgetown Centre Partners, Ltd., the predecessor-in-interest of ML Georgetown, entered into a lease agreement on November 29, 2001, to lease approximately 5,370 gross square feet in the Georgetown Centre. [Record No. 1-1] The lease included the main term of five years and two five-year option terms. [*Id.*] The lease was amended eight times between 2001 and 2014. [Record Nos. 1-2, 1-3, 1-4, 1-5, 1-6, 1-7, 1-8]

One of the amendments required continuing co-tenancy. One of the co-tenants, Kmart, closed on April 15, 2017. In light of Kmart shutting down, Hibbett had the right to pay four percent of gross sales ("alternative rent") instead of minimum rent.

Hibbett later sent a letter to Georgetown Centre, LLC regarding a rent credit of $33,557.33 to be used as a tenant's payment of alternative rent. After the rent credit was exhausted, Hibbett would commence alternative rent of four percent of its monthly gross sales. [Record No. 1-10] Hibbett also completed an Estoppel Certificate and sent it to ML Georgetown highlighting the right to a credit against future payments that would otherwise be due under the lease. [Record No. 1-11] However, Hibbett appeared to continue to pay minimum rent. An agent for Georgetown Centre, LLC, Joe Cornelius, sent a letter to Hibbett asking for clarification. [Record No. 1-12] Hibbett Representative Rhonda Huff explained that the payment of minimum rent had been in error and Cornelius reimbursed the amount to Hibbett. [Record No. 1-13]

Georgetown Centre was later acquired by ML Georgetown. ML Georgetown then sent a notice of default to Hibbett for failure to pay four months' rent from May to August 2018. [Record No. 1-14] Hibbett asserts that the notice of default did not comport with the notice requirement of the lease. [Record No. 1-16] ML Georgetown then elected to exercise its right to terminate the lease and required Hibbett to vacate the premises by September 10, 2018. By letter dated August 29, 2018, ML Georgetown rejected Hibbett's request to withdraw the notice of default because ML Georgetown disputed Hibbett's right to pay alternative rent. ML Georgetown asserted that Hibbett did not have the right to pay alternative rent until after its notice of election. [Record Nos. 1-15, 1-17]

Hibbett filed the Complaint requesting a declaratory judgment finding it was not in default under the lease and that an "event of default" under the lease had not occurred. Further, it requested a declaratory judgment stating that ML Georgetown had not provided a "written default notice." [Record No. 1] Hibbett also asserted a claim for anticipatory breach of the lease. In its prayer for relief, it requests a declaratory judgment, an injunction keeping ML Georgetown from taking any action to dispossess Hibbett from the lease premises, costs and attorney's fees, and money damages for anticipatory breach. ML Georgetown filed a motion to dismiss, which was denied by this Court. [Record Nos. 11, 17] Later, it filed its answer asserting counterclaims for breach of contract and unjust enrichment. [Record No. 18]

Hibbett has continued to occupy the premises during the pendency of this litigation. It used the rent credit through June 2019 and then began paying alternative rent in July 2019. [Record No. 36, p. 6] Hibbett has also exercised its additional option to extend the lease term through January 30, 2025. [*Id*.] ML Georgetown did not reject the exercise of the lease option and implicitly withdrew its notice of default.

ML Georgetown then filed a motion for summary judgment, asserting that there is no case or controversy because Hibbett has taken in full the rent offset it claimed and is only paying percentage rent. [Record No. 34] Hibbett then filed a cross-motion for summary judgment, asserting that its claims for contractual attorney's fees and money damages are not moot. [Record No. 36] It further asserts that the claim for anticipatory breach of the lease is not moot because the alleged waiver of the notice of default does not revoke the prior repudiation of the lease.

**II.**

Entry of summary judgment is appropriate if there are no genuine disputes regarding any material facts and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Chao v. Hall Holding Co.*, 285 F.3d 415, 424 (6th Cir. 2002). A dispute over a material fact is not "genuine" unless a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247-48 (1986). The determination must be "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52; *see Harrison v. Ash*, 539 F.3d 510, 516 (6th Cir. 2008).

Once the moving party has met its burden of production, "its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Keeneland Ass'n, Inc. v. Earnes,* 830 F. Supp. 974, 984 (E.D. Ky. 1993) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). The nonmoving party cannot rely on the assertions in its pleadings; rather, it must come forward with probative evidence to support its claims. *Celotex*, 477 U.S. at 324. In deciding whether to grant summary judgment, the Court views all the facts and inferences drawn from the evidence in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co.*, 475 U.S. at 58.

**III.**

a. **Subject Matter Jurisdiction**

ML Georgetown asserts that, after the filing of the Complaint, events occurred which reduced the amount in controversy below the statutory minimum. "Generally, the amount

claimed by the plaintiff in the complaint rules, as long as claimed in good faith, and '[e]vents occurring subsequent to the institution of suit which reduce the amount recoverable below the statutory limit do not oust jurisdiction.'" *Charvat v. GVN Mich., Inc.*, 561 F.3d 623, 628 (6th Cir. 2009) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)). Dismissal of an action is proper if it becomes clear that the amount alleged in the complaint was never recoverable from the outset. *Id*. This Court previously determined that the amount in controversy was met by including the value of the final renewal option. [Record No. 17] The exercise of the final renewal option after the filing of the Complaint does not impact the Court's jurisdiction. Any events occurring after the determination of subject matter jurisdiction that reduced the potential amount recoverable below $75,000.00, exclusive of interest and costs, does not divest this Court of jurisdiction.

      b.      **Declaratory Judgment and Injunctive Relief**

"[A] case is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Demis v. Sniezek*, 558 F.3d 508, 512 (6th Cir. 2009) (internal quotations omitted). "If events occur during the pendency of litigation which render the court unable to grant the requested relief, the case becomes moot and thus falls outside our jurisdiction." *Id*. (internal quotations omitted).

ML Georgetown asserts that there is no live case of controversy for Hibbett's claim for declaratory relief. In its Complaint, Hibbett sought a declaration stating that it was not in default of its obligations under the lease, an "event of default" within the meaning of Paragraph 25 of the lease had not occurred, and ML Georgetown had not provided "written default notice" in accordance with Paragraphs 25 and 32.2. of the lease. [Record No. 1, p. 9] It requested that

the Court declare that the lease is still in full force and effect and that ML Georgetown does not have the right to terminate the lease. [*Id*. at 10] Further, Hibbett requested an injunction against ML Georgetown to prohibit it from taking any action to repossess or dispossess Hibbett from the leased premises. [*Id*. at 11]

ML Georgetown notes that Hibbett has remained on the leased premises without interference, it allowed Hibbett to continue to use the rent offset and pay percentage rent, and Hibbett also exercised its final renewal option. ML Georgetown accepted rent payments after the issuance of default and notes that it waived it previously asserted right to forfeit the lease. ML Georgetown implicitly withdrew the notice of default and the parties are still exercising their rights under the lease. It appears that Hibbett agrees its claims for declaratory and injunctive relief are moot and has put forth no evidence to dispute that argument. [Record No. 36] Accordingly, ML Georgetown is entitled to summary judgment on Hibbett Sports' declaratory judgment claim because Hibbett has received everything it requested in its claim for a declaratory judgment.

    c.    **Anticipatory Breach of a Lease**

Anticipatory breach of contract is "an unequivocal repudiation or renunciation of an executory contract in advance of the time of performance." *Jordon v. Nickell*, 253 S.W.2d 237, 230 (Ky. 1952). Such a breach may, "at the election of the injured party, be regarded as an anticipatory breach and support an immediate action of damages without waiting for the time of performance." *Id*. "Under Kentucky law, '[t]o prove a breach of a contract, the complainant must establish three things: 1) existence of a contract; 2) breach of that contract;

and 3) damages flowing from the breach of contract.'" *Abell v. Sky Bridge Res.*, LLC, 715 F. App'x 463, 467 (6th Cir. 2017).

> A material breach does not automatically and *ipso facto* end a contract. It merely gives the injured party the right to end the agreement; the injured party can choose between cancelling the contract and continuing it. . . . If he decides to close the contract and so conducts himself, both parties are relieved of their further obligations and the injured party is entitled to damages. . . . If he elects instead to continue the contract, the obligations of both parties remain in force.

*Canderm Pharmacal, Ltd. v. Elder Pharm., Inc.*, 862 F.2d 597, 603 (6th Cir. 1988) (quoting *Cities Service Helex, Inc. v. United States*, 543 F.2d 1306, 1313 (1976)). A "repudiation is nullified by retraction if notice of the retraction comes to the attention of the injured party before he acts in reliance on the repudiation or indicates to the other party that he considers the repudiation to be final." *Id.* at 604 (quoting Restatement (Second) of Contracts § 256 (1979)).

"[W]ithout proof of damages, one has no claim for breach of contract." *Nami Res. Co., LLC v. Asher Land & Mineral, Ltd.*, 554 S.W.3d 323, 332-33 (Ky. 2018). In an action for breach of contract, the measure of damages "is that sum which will put the injured party into the same position he would have been in had the contract been performed." *Barnett v. Mercy Health Partners Lourdes, Inc.*, 233 S.W.3d 723, 728 (Ky. App. 2007) (quoting *Perkins Motors, Inc. v. Autotruck Federal Credit Union,* 607 S.W.2d 429, 430 (Ky. Ct. App. 1980)) (internal quotations omitted). "Contract damages must always be proven with reasonable certainty." *Ford Contr., Inc. v. Ky. Transp. Cabinet*, 429 S.W.3d 397, 407 (Ky. Ct. App. 2014).

Hibbett contends that there was an anticipatory breach and any later retraction of the breach does not revoke the prior repudiation of the lease. [Record No. 36, p. 8] It asserts that filing this lawsuit constituted a material change in circumstances in reliance on the repudiation.

[*Id*.] ML Georgetown believes Hibbett's claim for anticipatory breach of the lease fails to present any live case or controversy because Hibbett has not been removed from the property, nor has either party repudiated the underlying lease. Alternatively, ML Georgetown asserts that there is nothing in the record that would demonstrate that Hibbett suffered any damages. ML Georgetown notes that Hibbett continued to stay on the leased premises, exhausted its rent credit, continues to only pay percentage rent, and was able to exercise its option to renew.

While ML Georgetown may have anticipatorily breached the contract by notifying Hibbett to vacate the premises, Hibbett fails to show what the measure of damages would be for the breach. Hibbett continued to stay on the leased premises, utilize its rent credit, pay percentage rent, and exercise its final renewal option. Hibbett contends its measure of damages is attorney's fees and "litigation's effect on Hibbett's business." [Record No. 39, p. 3] First, attorney's fees are not recoverable as compensatory damages. *Mo-Jack Distributor, LLC v. Tamarak Snacks, LLC*, 476 S.W.3d 900, 906 (Ky. Ct. App. 2015); *see also Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 201 (explaining attorney's fees and costs are not part of the merits of the action). Second, "uncertain, contingent, and speculative" damages are not recoverable. *Id*. (citing *Spencer v. Woods*, 282 S.W.2d 851, 852 (Ky. 1955)). Changes in business practices due to the uncertainty of litigation are speculative and Hibbett has failed to set forth any evidence quantifying the amount of damages for said uncertainty. *Ford Contracting, Inc.,* 429 S.W.3d at 407 ("Contract damages serve to compensate the injured party" and "must always be proven with reasonable certainty.").

Here, Hibbett continues to remain on the premises, utilized the rent credit, continues to pay percentage rent following the exhaustion of the rent credit, and successfully exercised the

additional five-year option. The only "evidence" of damages is the affidavit of Hibbett's attorneys discussing his attorney's fees, which are not compensatory damages. Accordingly, Hibbett has failed to put forth any evidence of damages or what the measure of damages would be, and ML Georgetown is entitled to summary judgment on Hibbett's anticipatory breach of contract claim.

### d. Attorney's Fees

Hibbett asserts that it is owed contractual attorney's fees because of the contract provision and for the defendant's anticipatory breach of the lease. Under the American Rule, each side pays its own attorney's fees "with the exception of a specific contractual provision allowing for recovery of attorneys' fees." *Aetna Cas. & Sur. Co. v. Commonwealth*, 179 S.W.3d 830, 842 (Ky. 2005); *Asher v. Unarco Material Handling, Inc.*, 862 F. Supp. 2d 551, 558 (E.D. Ky. 2012). Kentucky allows for recovery of reasonable attorney's fees. *Capitol Cadillac Olds, Inc. v. Roberts*, 813 S.W.2d 287, 293 (Ky. 1991).

> The provision for contractual attorney's fees included in the lease states:
>
> In the event of any action or proceeding brought by either party hereto against the other based upon or arising out of any breach of the terms and conditions hereof, the *prevailing party* shall be entitled to recover all costs, including reasonable attorneys' fees, from the other. To the extent any attorneys' fees or other legal fees, costs or expenses are incurred by either party for which the other party shall be liable under the terms of the Lease, any such fees, costs or expenses shall be limited to reasonable amounts under the circumstances.

[Record No. 1-1, p. 11 (emphasis added).] Hibbett is not entitled to attorney's fees under the contractual attorney's fees provision because it is not the prevailing party in this action.

### e. ML Georgetown's Counterclaims

ML Georgetown filed counterclaims for breach of contract and unjust enrichment to recover unpaid rental amounts. [Record No. 18] However, it indicated that it does not intend to pursue the counterclaims, in the event its motion for summary judgment is granted. [Record No. 34-1, p. 5; Record No. 34-2] Because the Court is granting its motion for summary judgment, ML Georgetown's counterclaims will be dismissed.

Accordingly, it is hereby

**ORDERED** as follows:

1. Defendant ML Georgetown's Motion for Summary Judgment [Record No. 34] is **GRANTED**.

2. Plaintiff Hibbett Sport's Motion for Summary Judgment [Record No. 36] is **DENIED**.

3. Plaintiff Hibbett Sports' claims for declaratory judgment (Count 1) and anticipatory breach (Count 2) are **DISMISSED**, with prejudice.

4. Defendant ML Georgetown's counterclaims for breach of contract (Count 1) and unjust enrichment (Count 2) are **DISMISSED**, with prejudice.

5. The trial of this action, previously scheduled to begin on Monday, June 15, 2020, is **CANCELED**.

Dated: March 11, 2020.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky